**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 25-18138 (JNP) |
| SHARONDA HARRIS, | Chapter 7 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

### OPINION DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL

Sharonda Harris (the "Debtor") filed a motion (the "Stay Motion") for a stay pending appeal of this Court's Order denying the Debtor's motion seeking turnover of a motor vehicle and sanctions for an alleged stay violation (the "Turnover Motion"). Because the Debtor has not satisfied her burden for a stay pending appeal, the Stay Motion will be denied.

#### A. Background

Although the Debtor alleges many facts and makes several arguments, there are few relevant facts related to the Turnover Motion and, by relation, to the Stay Motion.

On August 1, 2025 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 case (Dkt. No. 1). This is the Debtor's third bankruptcy case within the last year. On December 5, 2024, the Debtor filed a voluntary Chapter 13 case (Case No. 24-22009(JNP)), which was dismissed on January 3, 2025. Then on February 27, 2025, the Debtor filed a voluntary Chapter 7 case (Case No. 25-11996(JNP)), which was dismissed on April 17, 2025. The timing of the Debtor's cases is important because the automatic stay did not go into effect in this case because it was filed within one-year of two other bankruptcy cases that were dismissed. See 11 U.S.C. § 362(c)(4)(A)(i).

One day before the Petition Date, BMW Bank of North America ("BMW") repossessed a 2019 BMW X3 (the "Vehicle").

1

The Debtor admits that she has no interest in the Vehicle. To wit, the Debtor alleges that she assigned any interest she may have had in the Vehicle to VAU Privatization & Trust (the "Trust"), which is not the debtor in this case. BMW alleges that the Vehicle is owned by a non-debtor individual and a non-debtor limited liability company.[1]

Two weeks later, the Debtor filed the Turnover Motion on an emergency basis (Dkt. No. 22), seeking turnover of the Vehicle and sanctions related to an alleged violation of the automatic stay. The Turnover Motion alleges BMW violated the automatic stay and should be compelled to turnover the Vehicle. The Turnover Motion makes several other unpersuasive arguments, which are discussed below.

BMW objected to the Turnover Motion (Dkt. No. 26) arguing, among other things, that: (1) the vehicle never was an asset of the Debtor; (2) even if the Vehicle was the Debtor's asset, there is no stay in place because this is the Debtor's third bankruptcy case within the last year; (3) BMW's repossession efforts occurred before the Debtor filed this case; and (4) assuming the Trust exists, and the Vehicle is one of its assets, the Trust cannot modify the Contract.

The parties appeared and presented arguments at a hearing on August 19, 2025, at the conclusion of which, the Court denied the Turnover Motion for several reasons, including the following. Because the Vehicle was repossessed before the Petition Date BMW's actions did not violate the stay. BMW also did not violate the stay because the automatic stay did not go into effect on the Petition Date. Moreover, the Debtor admitted that she had no interest in the Vehicle. To the extent she ever had an interest in the Vehicle, an allegation that BMW disputes, she assigned that interest to the Trust. Further, because the Vehicle is not property of the estate, there is no basis for the Court to compel turnover. Finally, the Court noted that denying the Turnover Motion had no

---

[1] BMW attached a copy of a State of New Jersey Certificate of Title showing the owners to be Darren W. Bunton and Vegans Are Us LLC. See Dkt. No. 26, Ex. A.

2

effect on a pending arbitration related to the Vehicle and that the parties were free to proceed with the arbitration as they saw fit. The Court also denied the Debtor's request for turnover of her belongings because the automatic stay was not in effect, and left the parties to their state law rights. The Order denying the Turnover Motion was entered on August 21, 2025.

Six days later, the Debtor appealed the Court's Order (Dkt. No. 33) and filed this Stay Motion (Dkt. No. 40), seeking a stay pending appeal. On September 3, 2025, the Court held a hearing on the Stay Motion (the "Hearing"), at which the Debtor raised two additional arguments: (1) as the Trustee and Master Beneficiary of the Trust, she can appear before the Court on behalf of the Trust to pursue relief; and (2) the Court violated her procedural due process rights by denying the Turnover Motion.[2] At the conclusion of the September 3 hearing the Court denied the Stay Motion and noted that this decision would be issued at a later date.[3]

### B. Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b). Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G).

### C. Discussion

Bankruptcy Rule 8007(a)(1)(A) directs a party seeking a stay pending appeal of a bankruptcy court's order to "move first in the bankruptcy court" for such relief. Further, Bankruptcy Rule 8007(a)(2) permits a party to move for a stay pending appeal "either before or after the notice of appeal is filed." Here, the Motion states that the appeal relates to the Court's

---

[2] The Debtor also argued the BMW is not the proper creditor because it is not the party listed on the contract. Even if the Court ignored BMW's arguments opposing the Stay Motion, it would be denied for the Debtor's failure to show a stay is appropriate.

[3] Shortly after the September 3 hearing the Debtor filed another motion for a stay pending appeal and for turnover of the Vehicle. Dkt. No. 45. A hearing on that motion is scheduled for September 16, 2025. The Court will rule on that motion in a separate decision.

3

Order denying the Turnover Motion, and it was filed hours after filing the notice of appeal. Therefore, the Debtor has satisfied the procedural requirements of Bankruptcy Rule 8007.

Moving to the substance of the Motion, in In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015), the Third Circuit identified four factors to consider when evaluating a motion for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 568 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). However, the first two factors of the stay analysis "are the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). Only upon satisfying those factors should the Court consider the harm to the non-moving party and the public policy implications. See Revel, 802 F.3d at 571

*1. Likelihood of Success*

In the Third Circuit, a stay applicant's likelihood of success on the merits is satisfied upon showing "a reasonable chance, or probability, of winning." Revel, 802 F.3d at 568 (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011)). Therefore, while the Debtor must show that her chances of success are "better than negligible," she need not show that it is "more likely than not" that she would win on appeal. Revel, 802 F.3d at 569 (quoting Nken, 556 U.S. at 434, Singer Mgmt. Consultants, Inc., 650 F.3d at 229).

Here, the Debtor's appeal relates to denial of the Turnover Motion, which raised whether: (1) BMW's repossession efforts violated the automatic stay; (2) an assignment of alleged rights in the Vehicle to the Trust precluded BMW's ability to repossess the Vehicle; and (3) BMW's repossession efforts violated a pending arbitration related to the Vehicle. The Debtor has not demonstrated that she is likely to succeed on appeal on any of these issues.

4

With respect to the first issue, BMW repossessed the Vehicle prior to the Petition Date. So even if a stay went into effect on the Petition Date, there would be no stay violation. More importantly, as discussed above, because the Debtor had two cases dismissed within one year prior to the Petition Date, the automatic stay did not go into effect. See 11 U.S.C. § 362(c)(4)(A)(i). Therefore, there is no likelihood of success related to this issue.

The second issue is whether an assignment of the Debtor's alleged rights in the Vehicle to the Trust precluded BMW from repossessing the Vehicle. While the Court has serious reservations whether she had any ownership interest in the Vehicle, she asserted that she assigned to the Trust whatever rights she did have.[4] Therefore, by the Debtor's own admission, the Vehicle is not property of the bankruptcy estate and not subject to the automatic stay. Moreover, since the Vehicle is not property of the bankruptcy estate, there is no basis to compel BMW to turn the Vehicle over to the Debtor.[5] Therefore, there is no likelihood of success related to this issue.

Finally, the Debtor argues that BMW's repossession efforts violated a pending arbitration between the Debtor and BMW. However, the Debtor has alleged almost no facts related to the arbitration other than that it has been filed. For this reason alone, the Debtor has not shown a likelihood of success on appeal. Moreover, to the extent the Debtor is the party seeking relief, the Vehicle is an asset of the bankruptcy estate subject to administration by the Chapter 7 trustee. And if the Debtor is the defending party, there is no stay in effect because (as discussed above) the Debtor had two cases dismissed in the year prior to filing the present case. For these additional reasons the Debtor has not shown a likelihood of success on this issue.

The additional arguments the Debtor raised at the Hearing are also of no merit. Concerning the Debtor's argument that she can appear before the Court on behalf of the Trust by virtue of

---

[4] As noted above, BMW argues that neither the Debtor nor its bankruptcy estate have an interest in the Vehicle because two non-debtors are the actual owners.
[5] Even if the Vehicle were property of the bankruptcy estate subject to turnover, the party entitled to possession of the Vehicle is the Chapter 7 trustee. See 11 U.S.C. § 542(a).

being its Trustee and Master Beneficiary, "a corporation may appear in the federal courts only through licensed counsel . . . [and] the rationale for that rule applies equally to all artificial entities [such as a trust]." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). Therefore, because the Debtor is not licensed to practice law in New Jersey or in this District she may not represent the Trust in court. See Van De Berg v. C.I.R., 175 Fed. Appx. 539, 541 (3d Cir. 2009) (refusing to allow a non-attorney trustee to represent a trust pro se before the Third Circuit). Nevertheless, as noted at the Hearing, the Court allowed the Debtor to appear on behalf of the Trust as an accommodation to reach the merits of the case as quickly as possible.

The Debtor's second argument was that the Court violated her procedural due process rights by denying the Turnover Motion. A deprivation of a liberty or property interest violates procedural due process to the extent that a party does not "receive notice" and a "fair opportunity for rebuttal." Wilkinson v. Austin, 545 U.S. 209, 225-26 (2005). Here, no such violation occurred. The Debtor filed the Turnover Motion, and the Court heard arguments regarding the same. By scheduling the Turnover Motion for August 19, 2025, on shortened time at the Debtor's request, the Court placed the Debtor on notice of the hearing and that it would render a decision. Further, the Court held a hearing on the Turnover Motion on August 19, 2025. The Court denied the Turnover Motion after hearing the parties' arguments. Thus, the Debtor received a fair opportunity to present her case and to attempt to rebut BMW's position. Because the Debtor received notice and a fair opportunity to be heard, there was no violation to her due process rights.

For all the above reasons, there is no likelihood of success, and this factor falls decidedly in favor of denying the Stay Motion.

*2. Irreparable Harm to the Debtor*

A stay applicant must "demonstrate that irreparable injury is likely [not merely possible] in the absence of [a] [stay]." Revel, 802 F.3d at 569 (quoting Winter v. Nat. Res. Def. Council,

Inc., 555 U.S. 7, 22 (2008)) (emphasis and brackets in Revel). The Debtor argues that BMW's repossession efforts will cause her to suffer permanent harm because the Vehicle is property of the bankruptcy estate.

Even if the Vehicle were property of the bankruptcy estate, there would be no irreparable harm to the Debtor.[6] She has alternative means of transportation, such as public transportation, private ride share services, or the purchase of a new car. Moreover, to the extent she does have any damages, those can be remedied by a monetary reward. Hence, this factor also weighs conclusively in favor of denying the Stay Motion.

Therefore, the Court determines that there is no irreparable harm if a stay is not entered. Because the Debtor has not met her burden related to the first two factors, the Motion is denied. Although the Court need not consider the remaining factors, see Revel, 802 F.3d at 571, it does so for the sake of completeness.

### 3. Injury to BMW

In considering the balance of harms between the Debtor and BMW, the Court concludes that imposing a stay pending appeal could cause BMW to suffer harm in several ways. BMW would be forced to continue to store the Vehicle and not be able to sell it. Also, the Vehicle's value will almost certainly decline while the appeal is pending, reducing BMW's recovery from a sale. Therefore, a balancing of the harms shows that BMW would likely suffer harm if a stay pending appeal were put in place, and this factor falls in favor of denying the Stay Motion.

### 4. Public Policy

The Debtor argues that "[p]rotecting stay and estate property is vital." Dkt. No. 40. While the Court acknowledges that the public policy behind the automatic stay is to prevent

---

[6] If the Vehicle were property of the bankruptcy estate, it would be the Chapter 7 estate that might be harmed since BMW's continued possession would prevent the Chapter 7 trustee from liquidating the Vehicle for the benefit of creditors.

7

"dismemberment of the estate" and enable the orderly distribution of a debtor's assets, In re Denby-Peterson, 941 F.3d 115, 123 (3d Cir. 2019), the Vehicle is not protected by the automatic stay since the Debtor filed the instant case within one year of filling two other cases that were dismissed. Section 362(c)(4)(A)(i) of the Bankruptcy Code shows that the public policy is to allow creditors to continue collection efforts against a debtor that has had multiple cases dismissed within a year.

Moreover, the public policy is that a secured creditor of a vehicle may repossess that vehicle if there has been a default in the loan terms. Absent a stay, BMW should not be precluded from looking to its security to satisfy the loan. Finally, to the extent that BMW is not the proper creditor or there is a dispute related to ownership, those are all issues that are properly brought before another court because the Vehicle is not property of the bankruptcy estate.

Consequently, the public policy favors denying the Stay Motion.

## D. Conclusion

The Debtor has failed to satisfy her burden of proof that a stay pending appeal is appropriate in this case. The Court has considered each of the applicable factors and they all fall decidedly in favor of denying the Stay Motion.

Therefore, the Stay Motion will be denied.

Dated: September 8, 2025

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

8